UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GRAYMOR PROPERTIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00754-SEB-TAB |
| | ) | |
| BATTERY PROPERTIES, INC., | ) | |
| CMW INTERNATIONAL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| BATTERY PROPERTIES, INC., | ) | |
| CMW INTERNATIONAL, LLC, | ) | |
| | ) | |
| Counter Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GRAYMOR PROPERTIES LLC, | ) | |
| GRAYMOR PROPERTIES LLC, | ) | |
| | ) | |
| Counter Defendants. | ) | |

**ORDER DENYING BATTERY PROPERTIES'S MOTION TO DISMISS AND
DIRECTING PLAINTIFF TO SHOW CAUSE**

On March 11, 2026, we issued an omnibus order resolving the parties' cross-motions for partial summary judgment, thereby teeing up this nearly three-year-old environmental cleanup litigation for a bench trial on the remaining claims, counterclaims, and defenses. Dkt. 193. The very next day, on March 12, 2026, Defendant Battery Properties, Inc. ("Battery Properties") moved to dismiss with prejudice Plaintiff Graymor Properties LLC's ("Graymor") cost recovery claim based on § 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), codified at 42 U.S.C. § 9607,

1

on the grounds that Graymor had failed to provide notice of this lawsuit to the United States Attorney General and the Administrator of the Environmental Protection Agency ("EPA"), as required by § 113(*l*) of CERCLA, codified at 42 U.S.C. § 9613(*l*). Dkt. 195. Graymor opposes the dismissal motion on several grounds, including that Battery Properties's motion is untimely; that dismissal is not the required remedy for § 113(*l*) noncompliance; and that, in any event, Graymor has cured any issues that might emanate from its purported noncompliance.[1]

Many of Battery Properties's arguments in support of dismissal are entangled in the ongoing (and deeply entrenched) disagreements between/among the parties concerning access to the Site; the extensive litigation history involving, among others, CMW's insurers and the Indiana Department of Environmental Management; and background underlying circumstances that, according to Battery Properties, call into question Graymor's motives in maintaining this lawsuit. We express no view on the merits of these collateral disputes between Battery Properties and Graymor, but, in order to usher this litigation forward, we shall exercise our nearly exhausted judicial patience with the parties' pretrial maneuvers in an effort to resolve the narrow legal issue before us in Battery Properties's Motion to Dismiss: to wit, the appropriate legal analysis of and remedy for noncompliance with § 113(*l*)'s notice requirement.

---

[1] Co-Defendant CMW International, LLC ("CMW") has expressed no position in response to Battery Properties's motion to dismiss.

## DISCUSSION

Section 113(*l*) references "[n]otice of actions" and provides that "[w]henever any action is brought under this chapter in a court of the United States by a plaintiff other than the United States, the plaintiff shall provide a copy of the complaint to the Attorney General of the United States and to the Administrator of the Environmental Protection Agency." 42 U.S.C. § 9613(*l*). Thus, in plain terms, § 113(*l*) requires private plaintiffs bringing suit under CERCLA (such as Graymor here) to serve a copy of their complaint upon the Attorney General and EPA Administrator, respectively. Although § 113(*l*) does not specify when such notice must be given, the EPA has interpreted the statute as requiring "concurrent notice to the government." National Oil & Hazardous Substances Pollution Contingency Plan, 55 Fed. Reg. 8666-01, at *8798 (Mar. 9, 1990). For present purposes, both parties agree, and we accept, that § 113(*l*) requires contemporaneous service. Dkt. 196 at 6; dkt. 198 at 7, 9.

The purpose of § 113(*l*), according to Battery Properties, is to ensure the orderly cleanup of hazardous releases by "enabling the government to monitor private [CERCLA] litigation, assess potential intervention opportunities, and coordinate enforcement strategies." Dkt. 196 at 3. Graymor does not dispute Battery Properties's description of § 113(*l*)'s objective, adding that notice puts the government's interests "in play" and allows the Department of Justice ("DOJ") and/or the EPA to "decide for themselves whether to act." Dkt. 198 at 10. This agreement between the parties comports with the views of courts and commentators alike explaining that § 113(*l*) "may be designed simply to facilitate record keeping—that is, to allow the Attorney General and the EPA to monitor the frequency and

progress of CERCLA § 107 lawsuits nationwide." *Aviall Servs., Inc. v. Cooper Indus., LLC*, 572 F. Supp. 2d 676, 687 (N.D. Tex. 2008); *see, e.g.*, Alfred R. Light, *Superfund's Second Master: The Uneasy Fit of Private Cost Recovery Within CERCLA*, 6 St. Thomas L. Rev. 97, 109 (1993) (Section 113(*l*) "provides a mechanism for the government to track litigation . . . .").

Graymor initiated this CERCLA action three years ago, on May 3, 2023. Dkt. 1. Battery Properties's Answer, filed on June 30, 2023, raised as an affirmative defense Graymor's alleged "fail[ure] to comply with the procedural requirements of CERCLA [in] filing this lawsuit." Dkt. 27 at 34. Non-expert discovery closed nearly a year ago, in March 2025. According to Battery Properties, however, Graymor's February 13, 2026, supplemental document production only recently revealed Graymor's noncompliance with § 113(*l*)'s directive. Dkt. 200 at 2–3. Graymor's apparent failure to timely notify the federal government about this pending litigation, Battery Properties now argues, warrants the dismissal with prejudice of Graymor's CERCLA § 107 claim.

Graymor does not deny that it failed to give notice concurrently to the DOJ and/or the EPA, as required by § 113(*l*). It argues, instead, that dismissal with prejudice is neither mandated nor appropriate in this case, in part because it has recently "cured" the failure to provide notice by serving the federal government via certified mail with notice of this lawsuit and a copy of the complaint, as evidenced by its attached March 13, 2026, letter providing notice of this litigation to the designated federal officials, though lacking any proof of service. Dkt. 198 at 10; dkt. 199-2. Nearly two months have passed since that notice

without any indication from the federal government as to its potential involvement or interest in this litigation.

As both parties acknowledge, neither § 113(*l*) nor the corresponding federal regulations prescribe any penalty for a failure to timely notify the DOJ and/or the EPA of a pending CERCLA action. Likewise, we have been unable to locate any binding caselaw that squarely addresses the issue. Indeed, only two district court opinions address similar questions concerning belated § 113(*l*) notice: *Greene v. Product Manufacturing Corporation*, 842 F. Supp. 1321 (D. Kan. 1993); and *Aviall Services, Inc. v. Cooper Industries, LLC*, 572 F. Supp. 2d 676 (N.D. Tex. 2008). Although neither is dispositive, both are instructive here.

In *Greene*, the CERCLA plaintiffs filed the required notice approximately one and a half years after litigation had commenced, the delay being attributable to plaintiffs' counsel's "incorrect recollection that notice to the [state] agency was all that" the statute required. 842 F. Supp. at 1324 & n.4. In ruling on the defendant's motion for summary judgment nearly ten months after the § 113(*l*) notice had been effected, the district court rejected as "overly harsh" defendant's requests for "dismissal with prejudice or dismissal until the EPA is given time to conduct an investigation." *Id.* "The appropriate inquiry," in that court's view, was "whether the plaintiffs' failure to provide timely notice caused prejudice" to the defendant. *Id.* Applying this standard, the court found, on the record before it, inconclusive evidence, explaining as follows:

> The EPA thus far has not attempted to intervene in this cleanup action, despite having notice. The affidavit submitted by plaintiffs' attorney indicates that "based on past assurances from employees of the EPA" he believes the EPA will not intervene in this case. [Defendant] counters, without citation to authority or evidence, that plaintiffs' failure to notify EPA could expose [it] to

> double liability. Both of these statements are slim reeds upon which to base summary judgment. The court directs that the parties depose an EPA employee with the authority to settle the issue of the EPA's involvement, if any, and the correlative issue of [Defendant's] potential exposure to double liability. The deposition shall be taken within 30 days of this order.

*Id.* (footnote omitted).

In *Aviall Services*, the district court similarly rejected an argument that belated compliance with § 113(*l*)'s concurrent notice requirement warranted dismissal of the lawsuit. 572 F. Supp. 2d at 687. There, the plaintiff effected notice approximately one and a half years after litigation had commenced. Following nearly ten years of litigation, including several rounds of appellate review before the Fifth Circuit as well as the Supreme Court, the district court revisited its prior summary judgment ruling. *Id.* at 683–84 (outlining the procedural history). In so doing, the court declined to dismiss the CERCLA claim on the basis of the plaintiff's belated § 113(*l*) notice, reasoning that "the absence of a congressional directive" coupled with CERCLA's overall purpose of encouraging private parties to voluntarily clean up environmental contaminants demonstrate that dismissal is not the appropriate sanction for noncompliance with § 113(*l*). *Id.* at 686–88.

Having in mind the parties' arguments advanced in connection with the motion to dismiss as well as the informing decisions in *Greene* and *Aviall Services*, we conclude that § 113(*l*) does not impel the wholesale dismissal of Graymor's § 107 claim based solely on the apparent failure to supply concurrent notice of this litigation to the federal government. As observed by the court in *Aviall Services*, dismissal on the grounds of a procedural misstep alone "seem[s] inconsistent with [CERCLA's] purpose of 'encouraging private parties to perform voluntary cleanups of sites and removing unnecessary obstacles to their ability

to recover their costs from the parties that are liable for the contamination.' " *Id.* at 687 (quoting National Oil & Hazardous Substances Pollution Contingency Plan, 55 Fed. Reg. 8666, 8792–93 (1990)) (citation modified).

The possible prejudice to Battery Properties because of the lack of notice is also relevant, though not dispositive, in terms of determining an appropriate remedy.[2] To that end, Battery Properties contends that Graymor's belated compliance with § 113(*l*) has deprived the federal government of the opportunity at the outset of this litigation to investigate and determine whether intervention, coordination, or further oversight was prudent; and has "forc[ed] [Battery Properties] to defend against" (what it describes as) "an improper private CERCLA action for almost three years." Dkt. 196 at 13. As an alternative to dismissal, Battery Properties seeks an award of money to reimburse it for the fees and costs it has expended in this litigation.

Graymor responds that Battery Properties's prejudice theory lacks the support of specific, concrete, and verifiable facts warranting a sanction of dismissal and/or an award of fees and costs. In Graymor's view, Battery Properties's assertions amount to nothing more than speculation as to how the EPA's potential involvement would have impacted this litigation. In any event, Graymor contends, its March 13, 2026, letter to the federal

---

[2] Battery Properties contends, albeit in its reply brief, that the court's inherent authority allows an appropriate sanction to be fashioned, including dismissal and/or an award of attorneys' fees and costs, without regard to whether prejudice has been shown. Dkt. 200 at 5–6 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). Although courts certainly may rely on their inherent authority to curb abuses of the judicial process, we do not view the circumstances presented here to warrant such action.

government has effected the required notice, allowing the "EPA and DOJ [to] decide for themselves whether to act." Dkt. 198 at 10.

As previously noted, timely compliance with § 113(*l*) would have permitted the federal government an early opportunity to review this environmental cleanup litigation and assess the possibility of intervention. It is therefore not surprising that the alleged prejudice caused to Battery Properties here entails some degree of speculation as to how the federal government's timely notification would or could have reshaped the trajectory of this litigation. Without such input from the federal government, coupled with the parties' competing versions of the salient underlying facts, it is impossible to determine whether Battery Properties has suffered a prejudice that merits the harsh sanction of dismissal with prejudice. More significant is the total absence of any legal authority approving, never mind employing, such a remedy. Thus, we decline to grant Battery Properties's request for dismissal with prejudice.

Whether or to what extent Graymor's belated notice provided in its March 13, 2026, letter to the DOJ and the EPA, in Graymor's words, put "the governmental interests . . . in play," dkt. 198 at 10, Graymor has not demonstrated that it "cured" any alleged defect nor that such notice, nearly three years into litigation, is alone sufficient to protect the federal government's interests in a way that redounds to the benefit of Battery Properties.

For these reasons, we shall deny Battery Properties's Motion to Dismiss without prejudice. Dkt. 195. However, in order to accomplish the purpose of § 113(*l*)'s notice requirement, Graymor is **ORDERED TO SHOW CAUSE within twenty-one (21) days** of the date of this order as to why this litigation should not be stayed to permit the DOJ and/or

the EPA to respond as to their interest(s) in this litigation. Should these federal agencies decline to intervene or to actively litigate their interest(s), the parties will resume their preparations for trial. Whether Graymor's untimely fulfillment of § 113(*l*) in providing the required notice to the federal agencies affects the recovery of damages against Battery Properties may be considered as an equitable factor in the allocation of liability among the parties, pursuant to 42 U.S.C. § 9613(f)(1). The Motion to Dismiss is **DENIED** without prejudice. Dkt. 195.

IT IS SO ORDERED.

Date:
_____5/20/2026_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Matthew Thomas Albaugh
Taft Stettinius & Hollister LLP
malbaugh@taftlaw.com

Joseph C. Chapelle
BARNES & THORNBURG, LLP (Indianapolis)
joe.chapelle@btlaw.com

Mark Jason Crandley
BARNES & THORNBURG, LLP (Indianapolis)
mcrandley@btlaw.com

John Paul Fischer, Jr.
BARNES & THORNBURG, LLP (Indianapolis)
john.fischer@btlaw.com

Kristin Leigh Froehle
Barnes & Thornburg LLP
kristin.froehle@btlaw.com

David R. Gillay
Barnes & Thornburg
david.gillay@btlaw.com

Edward S. Griggs
BARNES & THORNBURG, LLP (Indianapolis)
sean.griggs@btlaw.com

David Guevara
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
dguevara@taftlaw.com

David Hatchett
HATCHETT & HAUCK LLP
david.hatchett@h2lawyers.com

Marc Andrew Menkveld
Menkveld Law & Mediation LLC
marc@menkveldlaw.com

Michael Jonathan Reeder
HATCHETT & HAUCK LLP
mike.reeder@h2lawyers.com

Edward Henry Satchwill, III
Office of the Indiana Attorney General
edward.satchwill@btlaw.com

Clayton Smith
Taft Stettinius & Hollister LLP
cjsmith@taftlaw.com

William Philip Sweet
Taft Stettinius & Hollister LLP
wsweet@taftlaw.com

Clarissa Vaillancourt
Barnes & Thornburg LLP
claire.vaillancourt@btlaw.com